UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hector C., <br><br> Petitioner, <br><br> v. <br><br> Todd Lyons, in his capacity as Acting Director, Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; Daren Margolin, Executive Office for Immigration Review; David Easterwood, Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, <br><br> Respondents. | No. 26-CV-1599 (SRN/SGE) <br><br><br> **ORDER** |

Shana Lei Drengenberg, Anderson & Anderson Law Firm, 2900 Washington Ave. N., Minneapolis, MN 55411, for Petitioner

David W. Fuller, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, and Denisha Devette Daughtry, DOJ-Civ., District Court Section, 450 5th St. NW., Ste. 5525, Washington, DC 20530, for Respondents

SUSAN RICHARD NELSON, United States District Judge

    Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Hector C. Petitioner seeks immediate release from detention, or a prompt bond hearing in Immigration Court. Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 5].)

1

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted and Respondents shall release Petitioner immediately.

I.  **BACKGROUND**

Hector C. is a resident of Minneapolis, Minnesota, and a citizen of Ecuador who has lived in the United States since 2024. (Pet. at 7, 14[1].) He asserts that he faced threats of violence and extortion in his home country. (*Id.* at 14.) Petitioner entered the United States on July 29, 2024, without inspection. (*Id.*)

In September 2024, the Department of Homeland Security ("DHS") issued a Notice to Appear, classifying Hector C. as "an alien present in the country who has not been admitted or paroled." (Pet. Ex. A.) U.S. Citizenship and Immigration Services ("USCIS") placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. (Pet. at 14–15.) However, following an interview, an asylum officer found that Hector C. "demonstrated a credible fear of persecution or torture." (Pet. Ex. A.) Therefore, DHS vacated an expedited removal order and released Hector C. in September 2024, subject to an Order of Release. (*Id.*)

In July 2025, Hector C. applied for asylum and withholding of removal. (*See* Pet. Ex. C.) He states that he has no criminal history in the United States other than minor traffic violations. (Pet. at 14.)

---

[1] The Petition does not contain consecutively numbered paragraphs or internal page numbers. Therefore, the Court's citations are to the ECF-stamped page numbers that appear across the top of each page.

On February 21, 2026, local sheriff's deputies stopped and arrested Petitioner near Hill City, Minnesota, for driving without a license. (*Id.*) He was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE") that day. (*Id.*) He alleges that his arrest was without a warrant. (*Id.*)

Earlier in February 2026, in a separate immigration-related lawsuit in this District, Judge Nancy E. Brasel granted a motion for a temporary restraining order ("TRO") concerning the policies and practices employed by ICE after it arrests and initially detains noncitizens. *The Advocates for Human Rights v. U.S. Department of Homeland Security*, No. 26-cv-749 (NEB/DLM) (D. Minn. Feb. 12, 2026 [Doc. No. 95].) As relevant here, in her February 12, 2026 TRO, Judge Brasel ordered that DHS/ICE/USCIS "**shall not transfer a Detainee out of Minnesota during the first 72 hours** of their detention." (*Id.* at 39) (emphasis in original). Pursuant to Federal Rule of Civil Procedure 65(b), the TRO was in effect for 14 days, through February 26, 2026. (*Id.* at 40.)

Here, after ICE agents detained Petitioner on February 21, they transferred him to a detention facility in Wisconsin on February 22, in violation of the 72-hour prohibition against out-of-state transfers issued in *The Advocates for Human Rights*. (Pet. at 15.)

Petitioner filed the instant Petition on February 23, asserting that he is entitled to immediate release, or, alternatively, a bond hearing. (*Id.* at 2–3.)

In the Court's February 23, 2026 Order to Show Cause, the Court enjoined Respondents from moving Petitioner out of Minnesota until further order of the court, and, to the extent he was released, likewise required Petitioner to remain in Minnesota while his Petition is pending. (OSC [Doc. No. 3] ¶¶ 4–5.) The Court also ordered Respondents to

3

show cause for the "true cause and proper duration of Petitioner's confinement," supported by "[s]uch affidavits and exhibits as are needed to establish the lawfulness . . . of Petitioner's detention," and further directed Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.* ¶¶ 1, 2(a), (e).) Additionally, the Court required Respondents to distinguish the instant Petition from the Court's prior rulings in *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), and *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025). (*Id.* ¶ 2(d).)

In their February 25, 2026 response, Respondents request dismissal or transfer of venue. They contend that Petitioner is currently detained in Superior, Wisconsin, and this Court lacks personal jurisdiction over him. Respondents represent that prior to when the Court enjoined Petitioner's out-of-state transfer, ICE had already moved Petitioner to Wisconsin "in the ordinary course of detention operations." (Resp'ts' Opp'n [Doc. No. 5] at 2.) However, Respondents assert that "[u]pon receiving notice of the Court's order, ICE promptly notified the appropriate officials of the directive that Petitioner be returned to Minnesota and is taking steps to comply." (*Id.*) Further, they "do not concede that the prior transfer violated any directive of the Court." (*Id.*)

In the alternative to dismissal or transfer of venue, Respondents argue that if this Court finds it has jurisdiction, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is therefore not entitled to release. (*Id.* at 6.) They further assert that on February 21, 2026, ICE issued a Warrant for Arrest (Form I-200) and served Petitioner with a Record of Deportable/Inadmissible Alien (Form I-213). (*Id.* at 2.)

4

Respondents' position regarding the applicability of § 1225(b)(2) is consistent with new interim guidance from DHS/ICE, and a recent decision from the Board of Immigration Appeals ("BIA") finding that all persons who enter the United States without inspection, including those who have been residing here for some time, are "applicants for admission" under 8 U.S.C. § 1225(a), subject to mandatory detention, rather than discretionary detention under § 1226(a). *Maldonado*, 795 F. Supp. 3d at 1150 (noting interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Respondents invoke their prior positions, as set forth in *Avila v. Bondi*, No. 25-3248 (8th Cir. Nov. 10, 2025), currently pending before the Eighth Circuit Court of Appeals. (Resp'ts' Opp'n at 6.)

In his Reply, Petitioner argues that jurisdiction is proper because Respondents' initial transfer of him to Wisconsin violated a standing TRO, and Respondents have now moved him back to Minnesota. (Pet'r's Reply at 3–4; Pet'r's Reply Ex. A.) In support of his position, Petitioner submits an exhibit from the ICE Detainee Locator, showing that he is currently detained at the Sherburne County Jail in Elk River, Minnesota. (*Id.*)

II.   **DISCUSSION**

   **A. Jurisdiction**

First, the Court denies as moot Respondents' request to dismiss for lack of jurisdiction or to transfer venue to the Western District of Wisconsin. Granted, in his Petition, Hector C. alleged that he was detained in Wisconsin, (Pet. at 15), but after violating the standing TRO, Respondents have returned him to Minnesota. (Pet'r's Reply Ex. A.) By returning Petitioner to Minnesota, ICE addressed their violation, and any jurisdictional issue has been rendered moot. While Petitioner could formally amend the

5

Petition to reflect the facts concerning his current physical location, under these circumstances, the Court will not delay reaching the merits simply for the sake of procedure. Importantly, in addition to challenging jurisdiction, Respondents also addressed the Petition on the merits. (*See* Resp'ts' Opp'n at 6–7.) In the interest of judicial economy, the Court is satisfied that it has jurisdiction, and proceeds to consider the merits of the Petition. *See Edita M.S.C. v. Noem*, No. 26-cv-650, 2026 WL 252545, at *1 (D. Minn. Jan. 30, 2026) (denying motion to dismiss for lack of jurisdiction because petitioner was transferred back to Minnesota and requiring the refiling of the petition would have been a waste of judicial resources).

### B. Section 1226 Applies

While the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to a noncitizen who is already residing in the United States, there is no dispute that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado*, 795 F. Supp. 3d at 1150–52, *E.M.*, 2025 WL 3157839, at *4–8; *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Alvarez Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025). To date, two federal courts of appeals have

6

ruled on this issue, reaching opposite conclusions. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Respondents do not assert that any of the exceptions under § 1226(c) apply. The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A), but notes that Respondents' arguments are preserved for appeal.

### C. Appropriate Remedy

Having determined that § 1225(b) is inapplicable to Petitioner, who otherwise falls under § 1226(a), the Court turns to the appropriate remedy. Section 1226(a) provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). The statute requires the issuance of a warrant as a precursor to detention under § 1226(a). *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247 (D. Me. 2025), *appeal filed* (Nov. 7, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla*, 804 F. Supp. 3d at 264 (emphasis in original).

Petitioner alleges he was arrested and detained without a warrant and that Respondents have failed to produce a warrant. (Pet. at 2, 13–14.) The Court's Order to

7

Show Cause required Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release" and to support their position with "[s]uch affidavits and exhibits as are needed to establish the lawfulness . . . of Petitioner's detention," (OSC ¶ 2(a), (e).) While Respondents refer to an ICE Form I-200 warrant (Resp'ts' Opp'n at 2), they have not produced it or any other supporting documentation. Even in instances in which a Form I-200 warrant has been produced by respondents, the form alone has been found to be insufficient evidence of a valid warrant under § 1226(a). *See, e.g., Jouquin C.S. v. Bondi*, No. 26-cv-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (finding the production of Form I-200 without any additional information—including about the officer who signed the warrant or when the warrant was signed—precluded Court from determining the validity of the warrant); *Enyer O.L. v. Bondi*, No. 26-cv-1078 (MJD/SGE), at 7 (D. Minn. Feb. 15, 2026) [Doc. No. 9] ("Aside from the Form I-200, there were no accompanying exhibits, supporting documents, or attached affidavits/declarations that establish when the warrant was created, what evidence formed the basis for its issuance, or how and when it was served."). Here, Respondents have failed to produce a warrant and any supporting documentation. The Court is therefore unable to evaluate the validity of any such warrant.

As other judges in this District have found, the appropriate remedy for detention that lacks a proper statutory basis under § 1226(a) is release. *Ahmed M.*, 2026 WL 25627, at *3 (finding release the appropriate remedy where Respondents did not produce a warrant); *Juan S.R. v. Bondi*, No. 26-cv-0005 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Doc. No. 8 at 3–4] (following the reasoning of *Ahmed M.* and ordering immediate release where

8

Respondents failed to present evidence of a warrant); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9 at 6] ("[A] bond hearing presupposes lawful detention authority under § 1226.  Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect.").  "Habeas relief . . . addresses the lawfulness of custody itself," and "[f]or detention that lacks a lawful predicate, release is an available and appropriate remedy."  *Id.*  Accordingly, Respondents shall release Petitioner from custody, subject only to the conditions of his September 2024 Order of Release under 8 C.F.R. § 208.30 for being found to have a credible fear of persecution in his home country.

Accordingly, the Court grants Petitioner's request for release, as set forth below.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Hector C.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**, as follows:

2. Respondents shall release Petitioner from custody immediately, but no later than within 48 hours.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel, Shana Lei Drengenberg (612-259-8945, shana@andersonlf.com), within two hours of his impending release, and include the location of his release and approximate release time, so that Petitioner's counsel may make transportation arrangements and Petitioner's counsel may notify family members.

4. Upon release, Respondents shall return to Petitioner all of his identifying documents, immigration documents, paperwork of any kind, his cell phone, and any other personal belongings, including clothing and jewelry.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose additional conditions and may only impose the conditions of Hector C.'s September 2024 Order of Release under 8 C.F.R. § 208.30 for being found to have a credible fear of persecution in his home country.

6. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order by filing a document on CM/ECF that includes a copy of conditions of release.

7. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

Dated: February 27, 2026                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge